JAMES DARLING ET AL. *v.* TOWN OF WATERFORD
(3888)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued March 12—decision released May 27, 1986

*Hyman Wilensky,* for the appellants (plaintiffs).

*Lois J. Lawrence,* for the appellee (defendant).

PER CURIAM. The basic issue of this appeal is whether a state trial referee, acting as the trial court, erred in denying, at the beginning of trial, the plaintiffs' request to amend their complaint when that request had not

been objected to by the defendant within fifteen days of the request in accordance with Practice Book § 176 (c). The plaintiffs appealed to the trial court from the defendant's compensation award for the taking of a portion of the plaintiffs' land for the installation of a sewer line. The amendment sought to include damages for trespass and consequential damages for the cost of reconstructing a pond, the placing of fill, and the replanting of trees. The original appeal sought a review of the compensation award. See General Statutes §§ 8-129 and 8-132. The trial proceeded on the original unamended appeal and judgment was rendered for the plaintiffs. Compensatory damages were calculated to be $2600.

The proper measure of damages arising from a partial condemnation was reviewed in *D'Addario* v. *Commissioner of Transportation,* 172 Conn. 182, 184–85, 374 A.2d 163 (1976). "When only a part of a tract of land is taken for the public use, 'just compensation' includes recovery for the part taken and recovery for any damages visited upon the remainder which result from the taking. . . . 'The ordinary rule for measuring damages where a portion of a tract of land is taken is to determine the difference between the market value of the whole tract as it lay before the taking and the market value of what remained of it thereafter, taking into consideration the changes contemplated in the improvement and those which are so possible of occurrence in the future that they may reasonably be held to affect market value.' *Lefebvre* v. *Cox,* 129 Conn. 262, 265, 28 A.2d 5 [1942]." *D'Addario* v. *Commissioner of Transportation,* supra. The plaintiffs' amended appeal came within the ambit of allowable damages under General Statutes § 8-129. Additionally, the specific allegations of consequential damages were necessary to notify the defendant of damages not naturally flowing from a partial condemnation. See *Delmore* v. *Polinsky,* 132 Conn. 28, 32, 42 A.2d 349 (1945).

The only objection to the proposed amendment at trial was that it was not timely. Practice Book § 176 states in pertinent part, "a party may amend his pleadings . . . at any time [following thirty days from the return day] . . . (a) By order of court; or . . . (c) By filing a request for leave to file such amendment . . . . If no objection thereto has been filed by any party within fifteen days from the date of the filing of said request, the amendment shall be deemed to have been filed by consent of the adverse party." In the present case, the amendment was not filed within the thirty days following the return day of the appeal request. The defendant, however, did not object to the plaintiffs' amended appeal within the prescribed fifteen day period. The amendment, therefore, was deemed to be filed with the consent of the defendant. The defendant's objection on the day of trial to the plaintiffs' request to amend their complaint came too late. The trial court had no discretion, at that time, to deny the request, absent extraordinary circumstances.

We disagree with the defendant's claim made during oral argument before this court that the trial court's action was authorized by that portion of Practice Book § 176 which empowers the trial court to "restrain such amendments so far as may be necessary to compel the parties to join issue in a reasonable time for trial." The facts of this case do not warrant the invocation of this power. Issue was joined well in advance of trial. The request to amend the appeal was filed on May 24, 1984, the defendant filed an answer on July 2, 1984, and the trial began approximately five months after the answer had been filed.

We find, therefore, that the trial court's denial of the plaintiffs' request to amend was error. This finding, however, does not end our inquiry.

Error will warrant remedial action by this court only where it is harmful. See *Manning* v. *Michael,* 188 Conn. 607, 611, 452 A.2d 1157 (1982). Harmful error requires a finding that the error was likely to affect the result. *Spoto* v. *Hayward Mfg. Co.,* 2 Conn. App. 663, 677, 482 A.2d 91 (1984). It is the appellant's burden to demonstrate the harmfulness of the error. Id.

The plaintiffs' claim that the denial of the amendment precluded their presentation of evidence demonstrating consequential damages is supported by the record. Although the defendant is correct in its allegation that none of the plaintiffs' proffered evidence was excluded by the court, the plaintiffs are equally correct in their claim that they were deterred from offering other evidence to prove their amended claims. The transcript depicts the plaintiffs' efforts to limit their presentation of evidence to conform to the trial court's ruling disallowing the amendment. The transcript also depicts several instances where the court interrupted the plaintiffs' examination to caution them against attempting to introduce evidence relating to the amended complaint. We conclude that the error prevented the plaintiffs from presenting evidence to support their claims of trespass and consequential damages, and that it is likely such error affected the final calculation of damages.[1]

There is error, the judgment is set aside and the case is remanded for a new trial.

---

[1] It is clear from the transcript and memorandum of decision that some evidence relevant to the plaintiffs' claim of consequential damages was admitted. The memorandum of decision makes a general reference to evidence of $10,700 for damages resulting from the defendant's failure to return the land to its original state. This figure presumably included some of the plaintiffs' alleged consequential damages. The court concluded that such damages were not supported by a preponderance of the evidence. While some evidence was introduced concerning the amount of consequential damages, it is clear that other evidence was not introduced by the plaintiffs in an effort to comply with the trial court's erroneous ruling.