DOROTHY F. LERNER *v.* STEPHEN M. CESLIK ET AL.
(6194)

DUPONT, C. J., DALY and NORCOTT, Js.

Argued November 17, 1988—decision released January 24, 1989

*Richard A. Johnson,* with whom, on the brief, was *Robert R. Petrucelli,* for the appellant (named defendant).

*Laurence P. Nadel,* for the appellee (plaintiff).

NORCOTT, J. The named defendant[1] appeals from the judgment of the trial court in favor of the plaintiff in an action for the recovery of a real estate sales commission. The trial was held before a state trial referee who ruled that the plaintiff was entitled to recover $4155 and costs. On appeal, the defendant claims that the trial court erred (1) in interpreting the terms of the contract between the parties, (2) in finding facts that were not supported by the evidence and in reaching conclusions not supported by the facts, and (3) in draw-

---

[1] The named defendant is the only defendant involved in this appeal and will be referred to as the defendant in this opinion.

ing an unfavorable inference against the defendant from the failure of a witness to testify. We find no error.

From the evidence presented at trial, the state trial referee found the following facts. The plaintiff, a real estate agent licensed in Connecticut, was employed by American Realty, a real estate brokerage business, as a real estate agent. The defendant was the owner of American Realty. On July 18, 1984, the parties entered into a written contract that entitled the plaintiff to 25 percent of the gross commission as the "listing agent" for procuring the listing of a property, and the same percentage as the "selling agent" for procuring the sale of the property. The process of procuring listings of properties is known as "farming" in the real estate trade.

In late 1984 and early 1985, the plaintiff "farmed" the beach area of Milford. As a result of her effort, David Driscoll, owner of a house located at 681 East Broadway, Milford, became aware of American Realty, Driscoll having found the plaintiff's note and business card in his mailbox. Thereafter, Driscoll listed his property with American Realty for a commission of 6 percent of the selling price.

The Driscoll home was ultimately purchased by the defendant and his partner, and a commission of $8310 was credited to American Realty. Lauren Weiner, an employee at American Realty with whom Driscoll denied negotiating, was paid $2005 of that commission as "listing agent." The plaintiff claimed that she was both the listing and the selling agent but had received no part of the commission.

I

The defendant contends first that the trial court erred in interpreting the terms of the contract between the parties. A trial court's construction of a written agreement is an issue of fact. *DiLieto* v. *Better Homes Insu-*

*lation Co.,* 16 Conn. App. 100, 104, 546 A.2d 957 (1988); *Roban Realty, Inc.* v. *Faile,* 13 Conn. App. 584, 588, 538 A.2d 242 (1988). "On appeal, we determine only whether in light of the evidence in the whole record, the court's decision was clearly erroneous. We will not retry the facts. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980)." *Hart, Nininger & Campbell Associates, Inc.* v. *Rogers,* 16 Conn. App. 619, 627, 548 A.2d 758 (1988).

The contract provided that a "listing agent" is "an agent who brings a signed listing into the office"; a "selling agent" is defined as an "agent who shows the property to a buyer, obtains a signed sales agreement and deposit that is accepted by the seller, and closes." The contract also contained a paragraph regarding commissions that provided as follows: "Should an agent not be available for any prospect who wants to discuss with them the purchase or sale of any property, the prospect will be assigned to another agent, at the broker's discretion, or if another agent happens to be available they may automatically work with the prospect and if a sale or listing materializes, that agent will receive their commission in accordance to the above commission split. The agent who was not available for the prospect is not entitled to any commission."

The trial court concluded that, based on the terms of the written contract, the plaintiff was entitled to commissions as both a listing and a sales agent.

It is clear from the record that the trial court did not err in concluding that the plaintiff was the listing agent for the sale of the Driscoll property. The court's findings that the plaintiff's conduct initiated the process that led to the closing on the Driscoll house, that Driscoll dealt almost exclusively with the plaintiff, and that because of the plaintiff's efforts Driscoll agreed

to list his property with the defendant's agency, are all abundantly supported by the evidence.

Furthermore, the court found that the paragraph in the contract regarding commissions did not deny the plaintiff her commission as the listing agent. The trial court totally discredited the defendant's contention that Weiner, not the plaintiff, was "available" to obtain the listing agreement from Driscoll, thereby entitling Weiner to the listing commission pursuant to the terms of the contract. The defendant based this contention on the fact that Weiner typed the listing and left it in the agency's mailbox for Driscoll to pick up. Both the evidence of the plaintiff's conduct and the lack of credibility apparent in Driscoll's trial testimony clearly support the trial court's conclusion that the plaintiff was the key actor in bringing the listing to the agency. Additionally, the defendant testified that the listing agent normally presents an offer to the seller and that the plaintiff presented Driscoll with the defendant's offer. We find the court's conclusions that, pursuant to the terms of the contract, the plaintiff was responsible for bringing the listing to the defendant's business and that, accordingly, she was entitled to the $2077.50 commission as the listing agent, were not clearly erroneous.

The defendant also contends that the plaintiff was not entitled to a commission as the selling agent. We disagree. The express terms of the contract provide that the selling agent must show the property to a buyer and obtain a signed sales agreement and a deposit, both of which are accepted by the seller. The final requirement is that there be a closing on the property. Our review of the record discloses that the plaintiff delivered the defendant's offer to the seller, who accepted it, thus the plaintiff "obtain[ed] a signed sales agreement . . . accepted by the seller." We find this sufficient to meet the second requirement even though the record does not indicate whether the agreement

was accompanied by a deposit. Also, there was a closing at which the defendant purchased the property, meeting the third requirement. The trial court's implicit determination that the plaintiff's actions constituted "show[ing] the property to a buyer," while less straightforward, is also supported by the evidence. It is undisputed that the defendant was a buyer. Although the record does not indicate that the plaintiff ever accompanied the defendant to the property, it does indicate that she brought the property to the defendant's attention.

Although divided into three components, the conditions for earning a commission as a selling agent actually amount to a requirement that the agent produce the eventual buyer of the property. While in a normal situation this would include an actual showing of the property, we find that under the unusual circumstances of this case, in which the buyer was a broker in the listing agency and therefore did not need to rely on the plaintiff for access to the property, the plaintiff's action in bringing the property to the defendant's attention produced a buyer and therefore was sufficient to constitute a showing under the terms of the contract. We therefore conclude that the trial court did not err in determining that the plaintiff also was entitled to a $2077.50 commission as the selling agent.

## II

The defendant's next claim of error is that the trial court's findings and conclusions were not supported by sufficient evidence. We find no merit in the defendant's attempt to have us retry the evidence and factual conclusions of the trial court. "It is the province of the trial court to pass upon the credibility of the witnesses and the weight to be afforded the evidence." *Russo* v. *Terek*, 7 Conn. App. 252, 256, 508 A.2d 788 (1986). Our only function on review is to determine whether the trial

court's findings could legally, logically and reasonably be found. *Appliances, Inc.* v. *Yost,* 186 Conn. 673, 676–77, 443 A.2d 486 (1982). We have already concluded that the evidence in the record sufficiently supported the findings that the plaintiff was entitled to commissions as both the listing agent and as the selling agent. We find these conclusions dispositive of this second claim of error.

## III

The defendant's final claim is that the trial court erroneously drew an unfavorable inference against the defendant from the failure of Weiner to testify. It is undisputed that Weiner was paid the listing agent's commission for the Driscoll property closing. It is also undisputed that she was not called to testify by either party even though, according to the trial court's memorandum of decision, she "was present in court throughout most of the hearing." The trial court determined that Weiner's absence "on the day she might be expected to be a witness" was unexplained, and that her testimony would have been "invaluable" in its determination of whether the plaintiff was the listing or selling agent within the provisions of the contract. The court therefore deduced "that her testimony would not help the defendant's case."

Even if we assume arguendo that the trial court erred in making this adverse inference, "[e]rror will warrant remedial action by this court only where it is harmful. . . . Harmful error requires a finding that the error was likely to affect the result." (Citation omitted.) *Darling* v. *Waterford,* 7 Conn. App. 485, 488, 508 A.2d 839 (1986). We conclude that, even without the adverse inference drawn by the trial court, the evidence presented at trial was clearly sufficient to support the holding that the plaintiff was entitled to commissions

as both the listing and selling agent, and therefore the inference did not affect the result.

There is no error.

In this opinion the other judges concurred.