[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: 1) PLAINTIFF'S MOTION TO CITE ADDITIONAL PARTY 2) PLAINTIFF'S REQUEST FOR LEAVE TO AMEND COMPLAINT 3) DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Valentina Ambatiello filed a one count complaint entitled "Amended Complaint" (hereinafter "complaint") on February 14, 1990 naming the City of Milford (hereinafter "City") as defendant. The plaintiff alleges in her complaint that she is the sister and next of kin of Ludmilia Ouchakoff, who is now deceased. The plaintiff alleges, in her complaint, that Ludmilia Ouchakoff (hereinafter "decedent") died in her Milford home on or about January 11, 1988. On or about January 11, 1988, the plaintiff alleges, the Milford Police Department discovered the decedent's body after it was notified by neighbors that she had not been seen for some time. CT Page 6588
The plaintiff further alleges that the Milford Police Department, without the authority of the next of kin or the Probate Court of that district, gave control of the decedent's body to the Milford Hospital and the Gregory F. Doyle Funeral Home in Milford. The plaintiff also alleges, in her complaint, that on January 15, 1988, the Doyle Funeral Home cremated the decedent's body without permission of her next of kin. The plaintiff alleges that the decedent belonged to the Russian Orthodox faith and that cremation is a violation of the tenants of that faith. As a result, the plaintiff alleges, the Russian Orthodox Church has refused to bury or hold services for the decedent.
The plaintiff further alleges, in her complaint, that the City, through its agent the Milford Police Department, was negligent in that it failed to use due care in attempting to locate the next of kin, and in failed to use due care in attempting to locate the next of kin, and in failing to petition the probate court. As a result of the City's negligence, the plaintiff alleges, the decedent's body was cremated against the wishes and religion of the decedent and the plaintiff and has caused the plaintiff to suffer extreme emotional distress. The plaintiff also alleges in her complaint that notice of the claim was given in a timely manner to the defendant pursuant to General Statutes 7-465.
The City filed an answer and special defense to the plaintiff's complaint on March 15, 1990. Thereafter, on April 10, 1990, the City filed a motion to implead the Doyle Funeral Home as a third-party defendant seeking indemnification on the ground that if the cremation of the decedent was negligent then it was the third-party defendant's negligence that caused the plaintiff's harm. The motion was granted by Meadow, J., on April 30, 1990.
The third party defendant filed an answer to the City's third party complaint and two special defenses on August 23, 1990.
The third party plaintiff City filed a motion to strike the third party defendant's second special defense which was granted by the court, Meadow, J., on December 18, 1990.
The third-party plaintiff filed a reply to the third-party defendant's remaining special defense on December 24, 1991.
The City filed a motion for summary judgment on the plaintiff's complaint accompanied by a memorandum of law pursuant to Practice Book 378 on March 3, 1992. The plaintiff filed a Memorandum in opposition to the defendant's motion for summary judgment.
In its memorandum, the City asserts that it is entitled to summary judgment because the plaintiff has failed to state a claim CT Page 6589 upon which relief can be granted. The City asserts that the plaintiff's complaint is patently defective as it alleges a negligence action against the City pursuant to General Statutes 7-465. The City contends that General Statutes 7-465 is an indemnification statute which does not provide the plaintiff with a right of action against the City, but rather provides municipal indemnification where a city employee is found to be negligent. In order to recover under General Statutes 7-465, the defendant argues further, the plaintiff's complaint must be in at least two counts: one count must be against an employee of the municipality alleging negligence, and another count must be against the municipality seeking to indemnify its employee for his negligence. The defendant argues that because the plaintiff's complaint is in one count, against the City alleging negligence, and the statute of limitations has run as against any employee of the municipality, the complaint does not state a cause of action upon which relief may be granted, and therefore the defendant is entitled to summary judgment.
Subsequently on March 6, 1992, the plaintiff filed a motion to cite an additional party and a request for leave to amend her complaint. The plaintiff seeks to add Milford Police Officer Gregory Kopazna as a defendant and assert one count of negligence against him, and an additional count of negligence against the city under General Statutes 52-577n.
I. Plaintiff's Motion to Cite in additional defendant.
General Statutes 52-102 provides in relevant part that:
 Upon motion made by any party or non-party to a civil action, the person named in the party's motion . . .(2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; . . . .
Generally, "the decision whether to grant a motion for the addition of a party to a pending legal proceeding rests generally in the sound discretion of the trial court." Lettieri v. American Savings Bank, 1, 437 A.2d 822 (1980) (citations omitted). The determinative issue in any motion to join an additional party is to ensure the presence of all interested parties to allow the court to make a "complete determination of all the matters in controversy." Id.
It is within the court's discretion to grant the plaintiff's motion to cite in additional defendant. It is noted that the inclusion of Officer Kopazna in the suit would be appropriate because the determination of whether Officer Kopazna was negligent is necessary to the determination of whether the City is liable. CT Page 6590 The motion to cite in an additional party is granted.
II. Plaintiff's request for leave to amend complaint to add an additional count against the City of Milford.
Practice Book 176 provides that:
 . . .a party may amend his pleadings or other parts of the record or proceedings at any time subsequent to that stated in the following manner: . . . (C) By filing a request for leave to file such amendment . . . . If no objection thereto has been filed by any party within fifteen days from the date of filing of said request, the amendment shall be deemed to have been filed by consent of the adverse party.
In such instances where a defendant is deemed to have consented, the trial court has no discretion to deny the request absent extraordinary circumstances. Darling v. Waterford, 7 Conn. App. 485,487, 508 A.2d 839 (1986).
The plaintiff filed its request to amend and motion to cite in additional defendant on March 6, 1992. The defendant did not file an objection to the plaintiff's motion until May 19, 1992. Therefore, because the defendant has failed to file a timely objection, the defendant is deemed to have consented to the filing of the plaintiff's amended complaint as to the count against the City and court does not have the discretion to deny the plaintiff's request. Plaintiff's request to amend the complaint is granted.
III. Defendant's Motion for Summary Judgment.
"[A]ny party may move for summary judgment, provided that the pleadings are closed between the parties to that motion." Practice Book 379.
The plaintiff has not filed a reply to the defendant City's special defense. Furthermore, since the defendant is deemed to have consented to the filing of the plaintiff's amended complaint, the defendant must now file an answer. Therefore, because the pleadings are still open, it is clear that the defendant's motion for summary judgment should be denied. The motion is denied,
WILLIAM J. McGRATH, JUDGE CT Page 6591