[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE THE NUISANCE COUNTS OF THE COMPLAINT
The original complaint was in four counts. The plaintiff Robert Salzman alleged that he was an employee of Effective Security Systems, Inc. and that he was assigned to work at the premises of the defendant on July 17, 1991. He further claimed that on that date he slipped and fell while walking upon the defendant's property as he was on his way to his post at the front gate. He claimed that his fall was caused by loose, broken and cracked tiles on the defendant's driveway. The first count sounded in negligence; the second count was headed nuisance; the third and fourth count were for claimed loss of consortium by the plaintiff wife, Shirley Salzman, because of the defendant's negligence and in nuisance respectively.
The defendant moved to strike the second and fourth counts, those headed nuisance, on the claim that, as pleaded, those counts failed to allege facts constituting either a private or public nuisance. CT Page 11229
The motion to strike was dated September 10, 1992 and filed September 11, 1992. On September 11, 1992, the plaintiffs filed a request for leave to amend and a form of amended complaint together with a memorandum in opposition to the defendant's motion to strike. The amended complaint alleges absolute nuisance in count two and negligent nuisance in count five. Counts four and six of the amended complaint are the plaintiff wife's derivative claims for loss of consortium based on the defendant's absolute nuisance and negligent nuisance respectively. No objection was filed by the defendant to the amended complaint within fifteen days and is therefore deemed to have been filed with the defendant's consent. Darling v. Waterford, 7 Conn. App. 485, 508 A.2d 839 (1986). In addition, "[i]f the adverse party fails to plead further, pleadings already filed by him shall be regarded as applicable so far as possible to the amended [complaint]." Id.
The parties have treated the motion as applicable to the amended complaint.
In its memorandum of law in support of the motion to strike the nuisance counts, the defendant claims that the plaintiffs have failed to plead facts to support a nuisance action. The defendant claims that there can be no cause of action for private nuisance because the plaintiffs have not alleged that they possess any ownership interest in land that has been interfered with or disturbed. Such an interest is a necessary condition, the defendant claims, to establish a private nuisance. The defendant claims there can be no cause of action for a public nuisance since the plaintiff Robert Salzman was on defendant's premises as an employee and not as a member of the general public. The exercise of a public right is a necessary condition, the defendant claims, to establish a public nuisance. The defendant asserts that since the injured husband's counts of nuisance must fail, the derivative claim for loss of consortium in the nuisance counts alleged by the plaintiff wife must fail.
The plaintiffs' memorandum in opposition to the motion to strike stresses that the amended complaint contains counts in both absolute and negligent nuisance. It is the plaintiffs claim that the defendant is in error when it alleges that Robert Salzman cannot recover for public nuisance because he was not on the property as a member of the general public. First, the plaintiffs allege that such a requirement, if it exists at CT Page 11230 all, applies only to a claim of absolute nuisance and not to negligent nuisance. Secondly, the plaintiffs assert that the defendant has misinterpreted the requirement and that the correct standard is that the condition must interfere with a right common to the general public, but that there is no need the injured party be a member of the general public. Finally, even if the defendant had correctly stated the requirement, public policy favors finding the plaintiff Robert Salzman a member of the general public.
"There are two types of nuisance: public and private." Couture v. Board of Education, 6 Conn. App. 309, 314,505 A.2d 432 (1986). "A nuisance, whether public or private, describes an inherently dangerous condition that has a natural tendency to inflict injury upon persons or property." [Citations omitted]. Quinnett v. Newman, 213 Conn. 343, 348, 568 A.2d 786 (1990). "To succeed in a nuisance action, a plaintiff must establish four elements: `(1) the condition complained of had a natural tendency to create danger and inflict injury upon a person or property; (2) the danger created was a continuing one; (3) the use of the defendant's land was unreasonable or unlawful; [and] (4) the nuisance was the proximate cause of plaintiff's injury and damages.'" Green v. Ensign-Bickford Co., 25 Conn. App. 479,490, 595 A.2d 1383 (1991), citing Filisko v. Bridgeport Hydraulic Co., 176 Conn. 33, 35-36, 404 A.2d 889 (1978).
"Claims of nuisance fall into two discrete categories; (1) absolute nuisance and (2) negligent nuisance. The principal distinction between the two is that an absolute nuisance has the added requirement that the conduct be intentional. Monick v. Greenwich, 144 Conn. 608, 611, 136 A.2d 501 (1957).
"`Intentional," in this context, means "not that a wrong or the existence of a nuisance was intended, but that the creator of [it] intended to bring about the conditions which are in fact found to be a nuisance."' Dingwell v. Litchfield, 4 Conn. App. 621,624, 496 A.2d 213 (1985), quoting Beckwith v. Stratford,129 Conn. 506, 510-11, 29 A.2d 775 (1942)." Green v. Ensign-Bickford Co., supra, at 490.
"If the creator of the condition intends the act that brings about the condition found to be a nuisance, the nuisance thereby created is said to be absolute and its creator strictly liable. . . . If the condition claimed to be a nuisance arises out of the creator's unintentional but negligent act, . . . the CT Page 11231 resulting condition is characterized as a negligent nuisance." [Citations omitted]. Quinnett v. Newman, supra, at 348.
Thus, either a public or a private nuisance may be an absolute or a negligent nuisance. Bringing counts in both absolute and negligent nuisance does not obviate the plaintiffs need to satisfy the requirements of either private or public nuisance, since "[t]here are two types of nuisance: public and private." Couture v. Board of Education, supra. The plaintiff husband's pleadings must set forth facts which show him to be the victim of either a private or a public nuisance.
"A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land. [Today,] private nuisance includes all injuries to an owner or occupier in the enjoyment of the property of which he is in possession, without regard to the quality of the tenure. In contrast, nuisances are public where they violate public rights, and produce a common injury . . ." [Citations omitted]. Couture v. Board of Education, supra, at 314-15.
To assert a claim for public nuisance, one must establish "that the condition or conduct complained of interfered with a right common to the general public." [Citations omitted]. Natale v. Greenwich Board of Education, 5 CTLR 256 (November 13, 1991, Katz, J.). To assert a claim for absolute public nuisance as opposed to a public nuisance arising from negligence, one must additionally establish "that the defendant's intentional conduct caused the condition deemed to be a nuisance." Id.
"A nuisance is common or public, the terms being synonymous, where it affects the rights enjoyed by citizens as part of the public, that is the rights to which every citizen is entitled." [Citations omitted]. Dahlstrom v. Roosevelt Mills, Inc., 27 Conn. Sup. 355,357, 238 A.2d 431 (Super.Ct. 1967). For example, in Dahlstrom, where a minor was injured in the defendant's store, the court stated: "While members of the general public were unquestionably welcome to enter the store, and even solicited to do so, nevertheless they were not entitled to do so by virtue of any public right enjoyed by citizens as part of the public. The public was invited to enter, but there was no public right to do so, and the defendant's establishment was not a public place where the public had a right to be. The plaintiff was not in the exercise of any public right while on the defendant's CT Page 11232 premises, and he cannot base his right to recover upon the existence of a public nuisance." Id. at 357. See also, Smith v. Monitor Management, 3 CTLR 167 (January 10, 1991, Ballen, J.).
"One who enters premises at the express or implied invitation of a tenant does not come upon them in the exercise of any public right, but is there by reason of a right extended to him by the tenant; and, if injured, the visitor to the premises cannot base his right to recover upon the existence of a public nuisance." Webel v. Yale university, 125 Conn. 515,524, 7 A.2d 215 (1939); Mulcahey v. International Telephone 
Telegraph Corporation, 31 Conn. Sup. 1, 318 A.2d 804 (Super. Ct 1974).
The plaintiffs claim that only where absolute public nuisance is alleged must the plaintiff prove he was injured in the exercise of a public right is not correct. The plaintiffs have cited State v. Knappen-Tippetts-Abbett-McCarthy-Straton,204 Conn. 177, 183, 527 A.2d 688 (1987) for their position. That reference states: In this case, where absolute public nuisance is alleged, the plaintiff's burden includes . . . proof . . . that the condition or conduct complained of interfered with a right common to the general public. . . ." Id, at 183. (emphasis supplied). The only nuisance alleged in that case was absolute public nuisance. As the cases previously cited indicate, that requirement is applicable to any claim of public nuisance, absolute or negligent.
Entering the premises of another, either by express or implied invitation, does not give rise to a public right. Mulcahey v. International Telephone Telegraph Corporation, supra, 2. The plaintiffs have alleged no facts which show that Robert Salzman, or any other member of the public, had a public right to enter the defendant's premises. The plaintiff Robert Salzman's status as an employee of Effective Security Systems assigned to work on the defendant's property did not mean that he was in the exercise of a public right when he was injured.
Thus, in the nuisance counts pertaining to the plaintiff Robert Salzman no facts have been alleged which would sustain a claim for nuisance and the motion to strike those counts is granted. . Since the claims of the plaintiff Shirley Salzman for loss of consortium based on nuisance are derivative, the motion to strike those counts must also be granted. CT Page 11233
The motion to strike is granted as to counts two, four, five and six of the amended complaint.
NIGRO, J.