[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Fedco, Inc., has moved for summary judgment as CT Page 9102 to each count of its two-count Second Amended Complaint. Oral argument on the plaintiff's motion was heard on September 20, 1993.
FACTUAL BACKGROUND
On June 24, 1993, the plaintiff, Fedco, Inc., filed a two count amended complaint against the defendant Southern New England Telephone Company (SNET). The plaintiff alleges in count one, a breach of contract, and in count two, violations of the Connecticut Unfair Trade Practices Act, General Statutes 42-110a et seq. The plaintiff is seeking compensatory and punitive damages.
The following facts are taken from the plaintiff's complaint. The plaintiff, an installer of truck caps and accessories, contracted with the defendant to place advertising in the yellow pages of at least sixteen phone books. In eleven out of the sixteen books, the defendant erroneously printed the one-eight hundred number of Fedco's competitor under the plaintiff's ad. In addition, SNET would not let Fedco advertise in the 1992 yellow pages until it had paid for the erroneous advertising in the 1991 yellow pages.
On August 5, 1993, the plaintiff filed a motion for summary judgment as to both counts of its amended complaint. Fedco states in its motion that it is in compliance with Practice Book 379 which requires that the pleadings be closed. Fedco claims that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law on each count.
The plaintiff has filed an affidavit and a memorandum of law in support of its motion for summary judgment. On September 16, 1993, the defendant filed an objection to plaintiff's motion, along with a memorandum of law in opposition to the motion and an affidavit.
Subsequent to oral argument on September 20, 1993, this Court reserved decision on Plaintiff's motion.
LEGAL DISCUSSION
"Pursuant to Practice Book 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 99 (1993). CT Page 9103
"[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 781, 595 A.2d 334 (1991). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell,214 Conn. 242, 246-47, 571 A.2d 116 (1990).
The plaintiff states that the parties contracted for advertising in the yellow pages, and that the ads were printed incorrectly in the phone books. Therefore, the plaintiff argues, there is no genuine issue as to the breach of contract. The defendant denies, however, that any contract provisions were breached. The defendant argues that since the exact terms of the contract are put in issue, summary judgment is inappropriate.
"A trial court's construction of a written agreement is an issue of fact." Lerner v. Ceslik, 17 Conn. App. 369, 371,553 A.2d 1142 (1989). Furthermore, "[t]he scope of the terms of a contract are questions of fact to be determined by the trier." Roban Realty, Inc. v. Faile, 13 Conn. App. 584, 590, 538 A.2d 242 (1988). Since the scope and terms of the plaintiff's contract with the defendant are issues of fact for the trier of fact, the motion for summary judgment must be denied as to count one of the plaintiff's amended complaint.
Even though the plaintiff moves for summary judgement on count two of its amended complaint, it has not addressed this count in its memorandum of law. The defendant argues that terminating a contract for good cause is not unfair or deceptive. Furthermore, it asserts that a breach of contract does not necessarily constitute a violation of CUTPA.
"No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes 42-110b(a). Connecticut has adopted the criteria set out by the Federal Trade Commission in the "cigarette rule" for determining when a practice is unfair:
 "(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or CT Page 9104 otherwise-whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]." (Citations omitted).
Mclaughlin Ford, Inc. v. Ford Motor Co., 192 Conn. 558, 567-68,473 A.2d 1185 (1984); Daddona v. Liberty Mobile Home Sales, Inc.,209 Conn. 243, 254, 550 A.2d 1061 (1988).
The defendant cites a number of cases which state the basic proposition that a breach of contract does not necessarily violate CUTPA. However, "the same facts that establish a breach of contract claim may be sufficient to establish a CUTPA violation. . . ." Lester v. Resort Camplands International, Inc.,27 Conn. App. 59, 71, 605 A.2d 550 (1992). And, "[w]hether a practice is unfair and thus violates CUTPA is an issue of fact." DeMotses v. Leonard Schwartz Nissan, Inc., 22 Conn. App. 464, 466,578 A.2d 144 (1990); Edart Truck Rental Corporation v. B. Swirsky Co.,23 Conn. App. 137, 145, 579 A.2d 133 (1990). Since the determination of whether the actions of the defendant are unfair is an issue of fact, the plaintiff's motion for summary judgment on the second court of the amended complaint also must be denied.
CONCLUSION
For the foregoing reasons, the plaintiff's motion for summary judgment is denied.
So ordered.
Michael Hartmere, Judge