[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON OBJECTION TO DECISION OF FACTFINDER
The defendants have objected to the decision of the factfinder in this action in which the plaintiff seeks to recover a real estate commission pursuant to a listing agreement between the plaintiff and the defendants. In Wilcox Trucking. Inc. v.Mansour Builders, 20 Conn. App. 420, 422-424, 567 A.2d 1250
(1989), the Supreme Court delineated the authority of this court in reviewing the decision of an attorney-factfinder:
 After reviewing the findings, the trial court may take any of the following actions: "(1) render judgment in accordance with the finding of facts; (2) reject the finding of facts and remand the case to the fact-finder who originally heard the matter for a rehearing on all or part of the finding of facts; (3) reject the finding of facts and CT Page 3968 remand the matter to another fact-finder for rehearing; (4) reject the finding of facts and revoke the reference; (5) remand the case to the fact-finder who originally heard the matter for a finding on an issue raised in an objection which was not addressed in the original finding of facts; or (6) take any other action the court may deem appropriate." Practice Book 546J. A reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court; Pandolphe's Auto Parts, Inc. v. Manchester, 181 Conn. 217, 220, 435 A.2d 24 (1980); the Appellate Court; Lerner v. Ceslik, 17 Conn. App. 369, 372, 553 A.2d 1142 (1989); or the Superior Court reviewing the findings of either administrative agencies; Gervasoni v. McCrath, 36 Conn. Sup. 297, 300, 418 A.2d 952 (1980), or attorney trial referees. See Practice Book 443; Rostenberg-Doern Co. v. Weiner, 17 Conn. App. 294, 299, 552 A.2d 827 (1989).[2] This court has articulated that attorney trial referees and factfinders "`share the same function . . .' those determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court."'" Rostenberg Doern Co. v. Weiner, supra, quoting Seal Audio, Inc. v. Bozak, Inc., 199 Conn. 496, 502, 508 A.2d 415 (1986).
The factfinder ruled that the plaintiff was entitled to recover a commission from the defendants pursuant to a listing agreement (the "Agreement") dated December 28, 1993, the terms of which are not in dispute. The Agreement provided that the plaintiff was entitled to a commission of 7% of the "agreed upon sales price" if during the term of the listing agreement "the listed property is sold or I/we, you or anyone else finds a buyer ready willing and able to buy the listed property for no less than the listed price or for any other terms acceptable to me/us." The listed price was $189,900.
The factfinder further found that the plaintiff procured a buyer for the listed property, James and Brenda White. The Whites and the defendants executed a purchase and sale contract (the CT Page 3969 "Contract") which provided that the total purchase price for the listed property was $175,900. The Contract also contained a mortgage contingency clause whereunder the Whites had to obtain a written commitment for a mortgage loan on or before March 28 1994. If they failed to do so, then the defendants could terminate the Contract upon written notice to the buyer and broker within seven days from the mortgage contingency date.
The factfinder found that the buyers did not obtain a written mortgage commitment by March 28, 1994 and that the defendants terminated the Contract by giving the appropriate written notice within the time specified in the Contract.
Notwithstanding the foregoing, the factfinder ruled that the plaintiff was entitled to a commission of 6%[1] because it had produced a buyer ready, willing and able to purchase the property on terms acceptable to the seller. Such a ruling was inconsistent with the findings of fact. The only evidence of "terms acceptable to the seller" was the Contract, which the factfinder found to have been terminated. While it is true that the Contract was evidence of terms acceptable to the seller, once that Contract was validly terminated, it could not constitute such evidence because, by definition, the sellers' termination of the Contract meant that they had not agreed to sell their property according to its terms. There was no evidence of any other contracts between the Whites and the defendants or that the Whites were ready, willing and able to buy the listed property for the purchase price specified in the Agreement, $189,900. Based on the foregoing, as a matter of law, the factfinder's ruling was inconsistent with his findings of fact and there were no facts which could support his ruling.
The plaintiff has relied on the case of Revere Real Estate,Inc. v. Cerato, 186 Conn. 74, 438 A.2d 1202 (1982), as legal support for the factfinder's ruling. However, that case is inapposite because there it was undisputed that the buyer and the seller had entered into a valid contract which was breached by the seller. Here there was no contract because, as the factfinder found, the Contract was validly terminated by the seller.
The ruling of the factfinder is also erroneous in that he apparently ignored the requirements of Connecticut General Statutes § 20-325a(a), which provides that a broker must have a license from this state in order to recover a commission. The plaintiff alleged in its complaint that it "is and was a real CT Page 3970 estate broker duly licensed by this state." The defendants plead insufficient knowledge to the foregoing allegation. At the hearing before the factfinder the plaintiff failed to produce evidence that a valid real estate license existed at the time in question. Notwithstanding the foregoing, the factfinder stated in his decision that "defendants never placed plaintiff's licensing status in issue." Thus, the factfinder ignored both the statutory prerequisite to the plaintiff's recovery of a commission and the fact that the plaintiff had placed its licensure in issue (as the statute required).
The court does not reject the finding of facts, as did the court in Wilcox Trucking, Inc. v. Mansour Builders,20 Conn. App. 420, 422-424, 567 A.2d 1250 (1989). However, based on the facts found by the factfinder, the plaintiff cannot recover in this case because it failed to introduce any evidence that it had produced a buyer who was ready, willing and able to buy the defendants property on terms acceptable to the defendants, or at the price listed in the Agreement, and because it failed to establish that it was validly licensed real estate broker.
Since the facts found by the factfinder are valid, there appears to be no good reason to remand this case to another factfinder or to revoke the reference. Pursuant to Practice Book Section 546J(1) and (6) the court deems that it is appropriate that judgment enter in favor of the defendants based on the facts found by the factfinder and judgment is hereby entered in favor of the defendants.
By the court,
Aurigemma, J.