ROBERT T. DiLIETO ET AL. *v.* BETTER HOMES
INSULATION COMPANY, INC.
(5326)

BIELUCH, O'CONNELL and STOUGHTON, Js.

Argued March 15—decision released September 6, 1988

*Ivan M. Katz,* for the appellant (defendant).

*Barbara E. Crowley,* for the appellees (plaintiffs).

BIELUCH, J. The defendant appeals from the judgment rendered in favor of the plaintiffs in this breach of contract action. The defendant claims that the trial court erred (1) in failing to give effect to the damage limitation provision of the contract between the parties, (2) in assessing damages to the plaintiffs in the amount of $15,000, (3) in improperly limiting the scope of defense counsel's examination in relation to the defendant's counterclaim, and (4) in belittling defense counsel and making comments which cast aspersions on the defendant's counterclaim. We find no error.

The facts relevant to this appeal are as follows. On December 26, 1984, the plaintiffs, Robert T. DiLieto and Michelle DiLieto, entered into a written contract with the defendant, Better Homes Insulation Company, Inc., wherein the defendant agreed to remodel, in a workmanlike manner, the kitchen and porch of the plaintiffs' residence in New Haven. The contract price of $5748.80 was paid by the plaintiffs to the defendant prior to the commencement of the work.

The plaintiffs discovered serious problems with the manner in which the work was being done, as well as with the quality of the work itself, soon after the remodeling began in early January, 1985. A series of meetings was held between the plaintiffs and the defendant's representatives in an attempt to resolve

these problems. When the defendant's representatives finally refused to acknowledge the validity of the plaintiffs' complaints and terminated the meetings, this breach of contract action was commenced. The plaintiffs claimed that the defendant had performed the work in such an unworkmanlike manner as to cause the finished work to be substandard and totally unacceptable, requiring total reconstruction. In its answer, the defendant denied the plaintiffs' claims and, by way of counterclaim, sought money damages for extra work it had allegedly completed.

After a trial, the court found that the "credible evidence clearly sustained the plaintiffs' claim[s],"[1] and that the defendant "totally failed to sustain its burden of proof" on the counterclaim. The court further found that the plaintiffs had "introduced ample and credible evidence as to the cost of correcting the substandard work," and accordingly awarded the plaintiffs damages in the amount of $15,000. This appeal followed.

The defendant's first claim is that the trial court erred in failing to give effect to the damage limitation provision of the contract between the parties.[2] The defendant states that the plaintiffs introduced into evidence the entire contract, and maintains that although there may be a range of interpretation of the damage limi-

---

[1] The court found that "the credible evidence clearly sustained the plaintiffs' claim that the subfloor was not properly installed; that the floor is uneven and buckling; that the ceiling is coming down; the back door is out of square and dropping; the soffits do not match the cabinets; the cabinets are chipped and improperly hung; the kitchen countertop is two inches higher than standard; the trim is uneven and defective; the tile work is uneven; the drains were clogged; and the appliances scratched and dented."

[2] The relevant portion of the contract clause upon which the defendant rests its argument reads: "Contractor will do all of said work in a good workmanlike manner. Upon written notification from the owner of a defect in workmanship or material, the contractor will repair the same if such a defect exists but in no event shall the contractor be liable beyond the cost to it of labor and materials."

tation provision, the court was not free to ignore it entirely.

The defendant's argument with regard to this issue is predicated on its initial assumption that the court entirely ignored the contract's damage limitation provision. The fatal flaw in the defendant's claim is that no such assumption necessarily flows from the court's failure to specify its finding on this issue in its memorandum of decision. Furthermore, it was the defendant's burden to seek an articulation of the court's finding with regard to the provision in question where the court's memorandum was silent on that point. See Practice Book § 4051; *Spera* v. *Audiotape Corporation,* 1 Conn. App. 629, 632, 474 A.2d 481 (1984).

" 'Where the factual basis of the court's decision is unclear, "proper utilization of the motion for articulation serves to dispel any such ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision, thereby sharpening the issues on appeal. 'It remains the appellant's responsibility to secure an adequate appellate record, and under normal circumstances we will not remand a case to correct a deficiency the appellant should have remedied.' " *Barnes* v. *Barnes,* 190 Conn. 491, 494, 460 A.2d 1302 (1983). "Since the [defendant] has failed to supply a record presenting the trial court's rationale, as is [its] burden, we are disinclined to view as clearly erroneous the trial court's determination . . . . Nor under these circumstances will we remand the decision for articulation." *Steve Viglione Sheet Metal Co.* v. *Sakonchick,* 190 Conn. 707, 714, 462 A.2d 1037 (1983).' *Pointina Beach Assn., Inc.* v. *Stella,* 1 Conn. App. 341, 343, 471 A.2d 970 (1984)." *Stroiney* v. *Crescent Lake Tax District,* 205 Conn. 290, 295–96, 533 A.2d 208 (1987).

An articulation of the trial court's decision is particularly important in an appeal involving the construc-

tion of a contract. Our review of the trial court's conclusions in such a case is limited under Practice Book § 4061 to determining whether those conclusions are clearly erroneous. *Roban Realty, Inc.* v. *Faile,* 13 Conn. App. 584, 588, 538 A.2d 242 (1988); *Lavigne* v. *Lavigne,* 3 Conn. App. 423, 427–28, 488 A.2d 1290 (1985). A trial court's construction of a written agreement is an issue of fact subject to this limited standard of appellate review. *Roban Realty, Inc.* v. *Faile,* supra; *Sweeny* v. *Sweeny,* 9 Conn. App. 498, 501, 519 A.2d 1237 (1987); *Lavigne* v. *Lavigne,* supra.

Because the defendant failed to meet its burden of providing this court with an adequate record to review its claim that the trial court did not consider the damage limitation provision in construing the contract between the parties, we cannot say that the court's decision was clearly erroneous. We further decline to remand the court's decision for articulation where the defendant should have remedied this deficiency. *Barnes* v. *Barnes,* supra; *Carpenter* v. *Carpenter,* 188 Conn. 736, 739 n.2, 453 A.2d 1151 (1982).

The defendant next claims that the trial court erred in assessing the plaintiffs' damages in the amount of $15,000. Specifically, the defendant maintains that the court erroneously found for the plaintiffs on certain elements of damage which had not been pleaded and which were therefore not issues before the court. The defendant argues that the consideration by the court, in reaching its judgment, of evidence pertaining to the kitchen-dining room ceiling, a back door, soffits, kitchen countertop height, and trim and tile work constituted error in that such evidence materially varied from the pleadings.

This issue is not properly before this court. The record reveals, and the defendant concedes, that evidence as to the elements of damages now contested on appeal

was admitted at trial without objection. In fact, the record shows that the defendant cross-examined several witnesses on the issues relating to this evidence. The defendant's failure to object below constituted a waiver of any variance between the pleadings and the proof. Practice Book § 288.[3] *Sansone* v. *Bechtel,* 180 Conn. 96, 99–100, 429 A.2d 820 (1980). The defendant maintains that because this was a trial to the court, and not to a jury, it had a right to rely on the pleadings without objecting to the inclusion of irrelevant evidence. This argument is without merit.

"If the variance was material, the question should have been raised when the evidence was presented. This was not done, and so no opportunity was given to the plaintiff[s] to make [their] pleading[s], if insufficient, conform to the proof. The entire evidence was received without any objection on the ground of variance between allegation and proof. No motion was made to strike out any evidence on the ground that it was not within the issues. It is now too late to raise such a point on appeal." *Winsor* v. *Hawkins,* 130 Conn. 669, 670, 37 A.2d 222 (1944); see also *Sansone* v. *Bechtel,* supra; *Keheley* v. *Uhl,* 129 Conn. 30, 32, 26 A.2d 357 (1942); *Weiner* v. *Loew's Enterprises, Inc.,* 120 Conn. 581, 584, 181 A. 921 (1935); cf. *Bronson & Townsend Co.* v. *Battistoni,* 167 Conn. 321, 326, 355 A.2d 299 (1974) (where there was no opportunity to object to the variance before the end of the trial, it could not be said that the party waived his right to object to the court's judgment which was limited to the pleadings and to the proceedings at the trial).

---

[3] "[Practice Book] Sec. 288. OBJECTIONS TO EVIDENCE

"Whenever an objection to the admission of evidence is made, counsel shall state the grounds upon which it is claimed or upon which objection is made, succinctly and in such form as he desires it to go upon the record, before any discussion or argument is had. Argument upon such objection shall not be made by either party unless the court requests it and, if made, must be brief and to the point. An exception to the ruling must be taken in order to make it a ground of appeal."

In any event, if a variance is immaterial, it "shall be wholly disregarded." Practice Book § 178. "An immaterial variance is one in which the difference between the allegations and the proof is so slight and unimportant that the adverse party is not misled as to the charge he is required to meet or prejudiced in maintaining his defense on the merits of the case. *Strimiska* v. *Yates,* 158 Conn. 179, 184, 257 A.2d 814 (1969)." *LaFaive* v. *DiLoreto,* 2 Conn. App. 58, 62, 476 A.2d 626, cert. denied, 194 Conn. 801, 477 A.2d 1021 (1984). Therefore, an otherwise valid judgment will not be invalidated if a variance does not change the theory of the cause of action and if the party complaining of the variance was, at all times, in a position to know the true state of the facts. *Strimiska* v. *Yates,* supra; *LaFaive* v. *DiLoreto,* supra.

In this case, the theory of the cause of action, that the defendant had failed to perform the contracted work in a good workmanlike manner, was not altered in any way by the introduction of the evidence now in issue. Moreover, as it was the defendant which performed the work, and no changes had been made to the work, except those caused by normal wear and tear, it can be said that the defendant was in a position to know or discover the true state of the facts pertaining to the work performed by it under the contract. The defendant had access to full discovery rights, including an inspection of the premises. Therefore, any variance between the pleadings and the proof could not be of a material nature affecting the validity of the court's judgment.

The defendant next claims that the court improperly limited the scope of its examination of witnesses on its counterclaim, and became overly involved with its questioning of the plaintiff Michelle DiLieto. The defendant argues that the court limited its questioning of a certain witness, failed to allow the defendant to ques-

tion Michelle DiLieto as an adverse witness, and "intruded itself into counsel's questioning of [Michelle DiLieto] to an extraordinary degree." To the limited extent that we review these claims, we find the defendant's contentions unavailing.

We note initially that the record does not reveal that the defendant took exception to the court's various evidentiary rulings which allegedly limited the scope of its examination on the counterclaim. It is a basic precept of appellate review that "[t]his court, generally, will not review any rulings on evidence where no exception was taken by counsel. Practice Book § 288; *State* v. *Baker,* 182 Conn. 52, 56, 437 A.2d 843 (1980). Only the most exceptional circumstances will save a claim from the fatal consequences of counsel's failure to make a timely exception. *State* v. *Baker,* supra." *Filosi* v. *Hawkins,* 1 Conn. App. 634, 640, 474 A.2d 1261 (1984). Exceptional circumstances necessary to save such a claim are not present here. Therefore, we will not afford any appellate review to this claim of error.

The defendant also argues that the court improperly "intruded itself into counsel's questioning of the witness [Michelle DiLieto] to an extraordinary degree." We observe that counsel did not object or take exception to the court's action, and, in addition, the defendant has not proven that it was probably harmed by the court's interrogation. The burden of proving harmful error rests on the party asserting it; *State* v. *Dolphin,* 178 Conn. 564, 572, 424 A.2d 266 (1979); and the ultimate question is whether the erroneous action would likely have affected the result. *Manning* v. *Michael,* 188 Conn. 607, 611, 452 A.2d 1157 (1982). The trial court is vested with wide discretion over matters occurring in the conduct of the trial. This exercise will not be interfered with unless it has been clearly abused to the manifest injury of a litigant. *Pisel* v. *Stamford Hospital,* 180 Conn. 314, 322, 430 A.2d 1 (1980).

The defendant finally claims that certain comments by the court belittled defense counsel and cast aspersions on the nature of the defendant's counterclaim, thereby depriving the defendant of a fair trial. Once again, this claim is procedurally deficient in that no exceptions were taken with regard to the rulings cited in the defendant's brief. Practice Book § 288. In any event, even if we were to disregard the procedural defects apparent on the record and to review this claim in the interest of justice; Practice Book § 4185; the court's actions did not constitute plain error. It is the responsibility of the trial judge to have the trial conducted in a manner that approaches an atmosphere of perfect impartiality. *Cameron* v. *Cameron,* 187 Conn. 163, 169, 444 A.2d 915 (1982). Since the court's statements claimed to be objectionable by the defendant indicate no opinion as to the untruthfulness of the defendant or any prejudice or predisposition in the consideration of the evidence, we find this claim of error to be unsupported. *Keppel* v. *BaRoss Builders, Inc.,* 7 Conn. App. 435, 444–45, 509 A.2d 51 (1986).

There is no error.

In this opinion the other judges concurred.