[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR CLARIFICATION (No. 109.00)
This motion dated June 23, 1992 seeks clarification of a separation agreement of the parties dated April 10, 1990 which was incorporated in a decree of dissolution on April 10, CT Page 7749 1990. The court has reviewed the motion, the brief filed by the moving party and the entire separation agreement of the parties.
The court first notes in passing that there is no procedure or rule of practice allowing a motion for "clarification".
The practice has been approved by our Appellate Court however.
Our rules provide for "articulation" under Practice Book 4051. It is reasonable once an appeal has been taken for a party to ask the court to articulate so that the parties may properly form the issues that are necessary on appeal.
This court further finds that there is a substantial difference between a clarification and an articulation. An articulation basically sets forth the basis on which the court rendered its decision. A clarification may involve substantive rights of the parties. It is clear from the Holcomb vs. Holcomb case 22 Conn. App. 363 (1990) that the court had the power to clarify matters "not of substance". The court must be careful in its clarification to make sure that it does not alter the property division or result in a modification of the original judgment.
In McDonald vs. McDonald, 166 Conn. 146 (1974) it is clear that the court held that in reference to a divorce decree a court instead of construing the language of the decree must ascertain the intent of the parties to the agreement, not as that intent may have existed "in the mind" of either of them but as expressed in the language used in the agreement.
In that case where alimony payments were provided for, the argument was made by the husband's estate that on his death alimony terminated. The court found that the clear language of the agreement was not that provision. The court found that the intent of the parties not relevant as existed in their minds. The court found the provision clearly and unequivocally imposed upon the husband's estate the obligation to continue posthumously the periodic payments.
In Sturtevant vs. Sturtevant, 146 Conn. 644 (1959) the court again stated the rule on page 647 "the intention of the parties to a contract is to be determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. The question is not what intention existed in the minds of the parties but what intention is expressed in the language used." CT Page 7750 In that case there was a dispute over the meaning of net income.
The court has reviewed the financial affidavits of the parties filed at the time and neither of the parties listed as contingent or actual liabilities any capital gains tax. The court further has reviewed entire separation agreement of the parties and finds in Article 14 on page 10 the following language:
. . . "It being the intention of the parties that subsequent to the execution of this agreement, there shall be as between them only such rights and obligations as are specifically provided in this agreement".
The court further finds Article 16 the Acceptance paragraph the following language under 16.1.
"The wife therefore accepts these provisions in full and final settlement and satisfaction of all claims and demands for alimony or for any other provision for support and maintenance and fully discharges the husband from all such claims and demands except as provided in this agreement".
It is clear further in the agreement that the parties addressed the problem of taxes in article 9 on page 7. Three paragraphs address potential tax problems. It is clear that in that article they do not address capital gains nor do they address the capital gains tax problems in the real estate article.
The agreement is a comprehensive agreement of the parties consisting of eleven pages of substantive material. Both of the parties were represented by competent counsel.
This court has reviewed the agreement, brief and all other items referred to herein and before and finds no ambiguity in the language of the judgment requiring clarification. The parties silence on the capital gains tax problem does not lead this court to the conclusion that it was intended to be interpreted as set forth by the moving party. A fair and reasonable interpretation of the silence is that the capital gains tax problems would be the parties problems as the tax law provides.
It appears to this court that there are two explanations for the fact that there is nothing in the judgment about capital gains taxes on the house sale. One is the parties forgot to address it. The other is the parties purposely did not address it. In either event there is no CT Page 7751 basis for the court to clarify the judgment.
Accordingly, the motion for clarification is denied.
EDWARD R. KARAZIN, JR., JUDGE