A. V. GIORDANO COMPANY, INC. *v.* AMERICAN
DIAMOND EXCHANGE, INC.
(11368)

O'CONNELL, HEIMAN and FREEDMAN, Js.

Argued March 31—decision released May 4, 1993

*Tara L. Knight,* for the appellant (defendant).
*Ronald F. Bozelko,* for the appellee (plaintiff).

HEIMAN, J. The defendant appeals from the trial court's granting of the plaintiff's motion for summary judgment as to liability for services performed by the plaintiff and the subsequent award after a hearing in damages. On appeal, the defendant asserts that the court improperly awarded damages for the value of engineering services rendered when the complaint, on which summary judgment was granted, set forth a completely different basis for recovery and the evidence presented at the hearing in damages demonstrated that the services were rendered prior to the operative time alleged in the complaint. We affirm the judgment of the trial court.

The following facts are necessary for a proper resolution of this case. In paragraph 3 of its complaint, the plaintiff alleged that "[i]n or about December, 1989, plaintiff rendered *architectural services* to defendant." (Emphasis added.) The plaintiff also alleged that invoices that were unpaid after thirty days were subject to interest at 18 percent per annum and that the

purchaser, here the defendant, would be responsible for all costs of collection. The plaintiff further asserted that the principal, interest and collection costs were unpaid and sought money damages.

In its answer, the defendant admitted the allegations contained in paragraph 3 of the complaint.

The plaintiff filed a motion seeking summary judgment as to liability only. In its supporting affidavit, the plaintiff asserted that "[i]n or about December, 1989, plaintiff rendered *engineering services* to defendant." (Emphasis added.) The affidavit also asserted that the invoices stated that unpaid accounts were subject to interest at 18 percent per annum, costs of collection and reasonable attorney's fees and that the accounts had not been paid. The affidavit also set forth the total damages and costs allegedly owed to the plaintiff.

The defendant objected to the motion for summary judgment as to liability only. In its accompanying affidavit, the defendant, through its president, claimed the following: "3. On or about May 27, 1989, the Defendant contacted the Plaintiff to do some site and investigation work for the Defendant's business, American Diamond Exchange, Inc. 4. The Defendant to date has never signed a Contract for this work. 5. The Plaintiff has produced no supporting documentation for work allegedly performed. 6. The Defendant has hired the Plaintiff to do similar work in the past, and the amounts charged for the most recent work are excessive and unfair."

The court granted the plaintiff's motion for summary judgment as to the defendant's liability only. At a hearing in damages before a state trial referee, the plaintiff introduced testimony and an exhibit detailing the engineering services rendered and the value of those services. The defendant introduced an exhibit consist-

ing of an hourly workup and the dates between May 27, 1989, and November 15, 1989, that the services were rendered. After the hearing in damages, the court awarded $6500.13 as damages, plus costs taxed at $152.60.[1] This appeal ensued.

The defendant asserts that the state trial referee improperly awarded damages for the value of engineering services when the complaint, on which summary judgment was granted, set forth a different basis for recovery and the evidence presented at the hearing in damages demonstrated that the services were rendered prior to the operative time alleged in the complaint. The defendant's claim is essentially that the pleadings and proof are at variance. In the defendant's opinion, the variance between the complaint that alleged in its third paragraph that the plaintiff performed architectural services and the summary judgment affidavit that alleged in its third paragraph that the plaintiff performed engineering services is fatal. We disagree.

Our law provides that a plaintiff's recovery is limited to the allegations made in its complaint. *Tedesco* v. *Stamford,* 215 Conn. 450, 458, 576 A.2d 1273 (1990); *Sampiere* v. *Zaretsky,* 26 Conn. App. 490, 492, 602 A.2d 1037, cert. denied, 222 Conn. 902, 606 A.2d 1328 (1992). "A plaintiff may not allege one cause of action and recover upon another." (Internal quotation marks omitted.) *Sampiere* v. *Zaretsky,* supra.

Our courts have followed a liberal policy in passing on claims of variance between pleadings and proof. *Francis* v. *Hollauer,* 1 Conn. App. 693, 696, 475 A.2d 326 (1984).[2] "A variance is a departure of the proof

---

[1] The trial court refused to order attorney's fees because the invoice made no mention of them.

[2] We note, however, that under our liberal rules of pleading, the plaintiff could have avoided this appeal by filing an amended complaint prior to his motion for summary judgment as to liability only when it discovered that its pleading and proof were at odds; Practice Book §§ 175, 176; or at

from the facts as alleged. Not every variance, however, is a fatal one since immaterial variances are disregarded under our practice. Practice Book § [178] . . . . Only material variances, those which disclose a departure from the allegations in some matter essential to the charge or claim, warrant the reversal of a judgment." (Internal quotation marks omitted.) *Hillman* v. *Greenwich,* 217 Conn. 520, 530–31, 587 A.2d 99 (1991); *Strimiska* v. *Yates,* 158 Conn. 179, 183, 257 A.2d 814 (1969).

To set aside a judgment on the basis of a variance between the pleadings and the proof, the variance must be material in a way that is essential to the cause of action claimed. *Schaller* v. *Roadside Inn, Inc.,* 154 Conn. 61, 65, 221 A.2d 263 (1966). A variance is material if the defendant was prejudiced in maintaining a defense, surprised by the plaintiff's proof or misled by the allegations in the complaint. *Strimiska* v. *Yates,* supra, 184.

An immaterial variance is therefore one in which "the difference between the allegations and the proof is so slight and unimportant that the adverse party is not misled as to the charge he is required to meet or prejudiced in maintaining his defense on the merits of the case." *Strimiska* v. *Yates,* supra; *DiLieto* v. *Better Homes Insulation Co.,* 16 Conn. App. 100, 106, 546 A.2d 957 (1988). Our rules of practice provide that if a variance is immaterial, it "shall be wholly disregarded." Practice Book § 178.[3] An otherwise valid

any stage of the trial prior to judgment. See Practice Book § 178; see also *Strimiska* v. *Yates,* 158 Conn. 179, 185, 257 A.2d 814 (1969). ("Whenever a disparity between the allegations and the evidence develops, counsel should move to amend the pleadings so that they conform with the evidence. Such an amendment would obviate the possibility of a judgment being reversed owing to the existence of a material variance.")

[3] Practice Book § 178 provides: "In all cases of any material variance between the allegation and proof, an amendment may be permitted at any stage of the trial. If such an allegation was made without reasonable excuse,

judgment will thus not be invalidated if a variance does not change the theory of the cause of action and if the party complaining of the variance was, at all times, in a position to know the true state of the facts. *Strimiska* v. *Yates,* supra; *DiLieto* v. *Better Homes Insulation Co.,* supra.

The variance between the complaint that alleged the performance of architectural services and the affidavit that accompanied the summary judgment motion for liability only and alleged the performance of engineering services is immaterial.[4] In its answer to the complaint, the defendant admitted that the plaintiff performed services for it. It also did not contest, in its affidavit accompanying its motion in opposition to summary judgment as to liability only, either that services were performed or its liability for those services. In fact, the defendant contested only the reasonableness of the amount it owed for the services that the plaintiff performed. The affidavit alleged that "[t]he Defend-

---

or if the adverse party was actually misled thereby to his prejudice in maintaining his action or defense upon the merits, or if such amendment requires postponement of the trial or additional expense to the adverse party and this is shown to the satisfaction of the court, such amendment shall be made only upon payment of costs or upon such terms as the court may deem proper; but in any other case, without costs. *Immaterial variances shall be wholly disregarded.*" (Emphasis added.)

[4] We note that had the variance in this case been material, the question should have been raised when the evidence was presented, in this case in the objection to the motion for summary judgment as to liability only. See *DiLieto* v. *Better Homes Insulation Co.,* 16 Conn. App. 100, 106, 546 A.2d 957 (1988). Since this was not done, "no opportunity was given to the plaintiff to make [its] pleading, if insufficient, conform to the proof. The entire evidence was received without any objection on the ground of variance between allegation and proof. . . . It is now too late to raise such a point on appeal." *Winsor* v. *Hawkins,* 130 Conn. 669, 670, 37 A.2d 222 (1944); *DiLieto* v. *Better Homes Insulation Co.,* supra. The defendant here attempted to raise the issue of the variance at the hearing in damages before the state trial referee. The state trial referee, however, correctly noted that the issue of liability for services rendered by the plaintiff had already been adjudicated.

ant has hired the Plaintiff to do similar work in the past, and the amounts charged for the most recent work are excessive and unfair." The defendant admitted its prior dealings with the plaintiff and use of its services. It did not demonstrate that it was prejudiced in maintaining its defense, that it was surprised by the plaintiff's proof, or that it was misled by the allegations in the complaint. See *Hillman* v. *Greenwich,* supra, 531. "Justice is not served by accepting a claim of variance from a party who at all times has been in a position of knowing the true state of facts." *Schaller* v. *Roadside Inn, Inc.,* supra, 67. Similarly, the variance between the use of the phrase "in or about December, 1989," and the actual dates of service is immaterial. The variances between the pleadings and proof were thus so slight that the defendant was not prejudiced in maintaining its defense, surprised by the plaintiff's proof or misled by the allegations in the complaint. *Strimiska* v. *Yates,* supra.

The judgment is affirmed.

In this opinion the other judges concurred.