[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
FURTHER ARTICULATION RE: MEMORANDUM OF DECISION AND ORDER OF REMAND
On October 27, 1993, the court issued a memorandum of decision on motions to vacate, modify, and confirm the arbitration award, and entered judgment for the defendant.
On November 12, 1993 the plaintiff filed a motion articulation and clarification, and a motion for reargument and reconsideration, along with a memorandum of law in support. On November 22, 1993, pursuant to Practice Book § 326 and General Statutes § 52-212a, the plaintiff filed a motion to open or set aside the judgment.
In its memorandum in support of the three motions, the plaintiff argues that 1) the court, in paragraph number 3 of its order, failed to analyze or discuss the legal bases upon which its conclusions were made; 2) in paragraph number 2 of the order, the court vacated the portion of the finding and award that addressed future worker's compensation payments, but failed to address how the issue would be resolved; 3) and the court should have determined, as a finding of fact based on the record, the amount of future worker's compensation benefits to be credited to the limits of liability.
In accordance with a hearing on the motions on March 11, 1994, the defendant on March 21, 1994 filed a memorandum of law in CT Page 6850-I opposition. In its memorandum in opposition, the defendant argues that 1) the decision issued by the court is "clear on its face," and no further articulation or clarification is necessary; 2) the court order confirmed all of the arbitrators' findings with the exception of the credit allowed for future worker's compensation benefits; 3) the court should remand that part of its decision to the arbitrators and allow them to determine the amount of future workers compensation benefits owed; 4) and the court should remand the decision because the plaintiff did not present sufficient evidence of future worker's compensation at the original arbitration hearing.
I. Clarification and Articulation
"[T]here is no procedure or rule of practice allowing a motion for `clarification,'" however, the practice has been approved by our Appellate Court. Cervone v. Cervone, 7 CSCR 1052 (August 17, 1992, Karazin, J.). "An articulation . . . sets forth the basis on which the court rendered its decision. . ." "[A] clarification may involve substantive rights of the parties . . . and the court ha[s] the power to clarify matters `not of substance'" Id., quoting Holcombev. Holcombe, 22 Conn. App. 363, 576 A.2d 1317 (1990).
"Our rules provide for `articulation' under Practice Book [§] 4051." Cervone v. Cervone, supra. "An articulation may be necessary where the trial court fails completely to state any basis for its decision." State v. Wilson, 199 Conn. 417, 434,507 A.2d 1367 (1986). "[T]he Practice Book provision [§ 4051] has no time limits within which to file a motion for articulation." Maguire v.Maguire, 222 Conn. 32, 38, 608 A.2d 79 (1992). "[T]he motion for articulation serves to dispel . . . ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision, thereby sharpening the issues on appeal." (Internal quotation marks omitted; citations omitted) DiLieto v. Better Homes Insulation Co.,16 Conn. App. 100, 103, 546 A.2d 957 (1988). See also Greger v.Greger, 22 Conn. App. 596, 599, n. 1, 578 A.2d 162 (1990) (articulation not used for trial court to substitute new decision nor change reasoning or basis of prior decision).
In its memorandum of decision, the court issued the following orders:
 1. This Court confirms that portion of the finding and award that states $225,000.000 [$225,000.00], as the total value of claimant's injuries and CT Page 6850-J damages.
 2. The Court vacates that portion of the finding and award that finds no basis upon which to calculate future Workers' Compensation benefits and credits; (Rydingsword, supra.).
 3. The Court confirms all other portions of the finding and award.
It is within the court's discretion to determine whether to further articulate or clarify its decision. See Streete v. AetnaLife Casualty Co., supra.
The Court has decided not to articulate further upon order number 1. Since based upon review of the record, substantial evidence was found to support the arbitrators' findings, confirming that the total value of the claimant's injuries and damages was $225,000.00.
A. Articulation of Order Number 2
In interpreting Order number 2 of its decision, the court relied upon General Statutes § 52-418(a), and Rydingsword v.Liberty Mutual Insurance Company, 224 Conn. 8, 21, 615 A.2d 1032
(1991), to vacate part of the finding and award. See Memorandum of Decision, supra. "The grounds on which the Superior Court may vacate an arbitration award are set forth in General Statutes § 52-418(a)." Hartford v. IAFF, Local 760, AFL-CIO, CLC,24 Conn. App. 254, 257 n. 1, 587 A.2d 435 (1991). See also White v.Kampner, 31 Conn. App. 73, 75, n. 4, 623 A.2d 514 (1993).
 (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject mater CT Page 6850-K submitted was not made.
General Statutes § 52-418(a). "Factual findings of an arbitration panel considering underinsured motorist coverage are subject to de novo review by the courts using a substantial evidence standard of judicial review." Rydingsword v. Liberty Mutual Insurance Company, supra; See also D'Addio v. Connecticut Ins. Guaranty Assn.,30 Conn. App. 729, 733, 622 A.2d 609 (1993).
 The test in this context requires that a court determine whether substantial evidence exists in the "record to support the [arbitration panel's] findings of basic fact and whether the conclusions drawn from those facts are reasonable. Substantial evidence will be found to exist if the. . . record supplies a substantial basis of fact from which the court reasonably can infer the fact in issue."
D'Addio v. Connecticut Ins. Guaranty Assn., supra, citing Lawrencev. New Hampshire Ins. Co., 29 Conn. App. 484, 49, 616 A.2d 806
(1992).
In accordance with General Statutes § 52-418(a), andRydingsword v. Liberty Mutual Insurance Company, supra, the court reviewed the factual findings of the arbitration panel and used a substantial evidence standard to determine that: based upon § (4) of General Statutes § 52-418(a), the arbitrators were incorrect in finding no basis for future workers' compensation; the record revealed that there is a basis for the arbitrators to calculate future worker's compensation benefits and credits; and that the arbitrators were incorrect in finding no persuasive evidence by which to credit future workers' compensation benefits towards the plaintiff. Inasmuch as, substantial evidence exists in the record to support a finding of future workers' compensation benefits owed, See D'Addio v. Connecticut Ins. Guaranty Assn., supra; Lawrence v.New Hampshire Ins. Co., supra, the arbitrators imperfectly executed their powers in this regard.
The question becomes whether the court should calculate the amount of future worker's compensation benefits owed, or remand that determination to the arbitrators. The plaintiff argues that the amount should be determined by the court, based on the record before the court. The defendant argues that the amount should be determined by the arbitrators, because the plaintiff did not present sufficient evidence of future workers' compensation CT Page 6850-L benefits at the original arbitration hearing.
The court has decided to remand the determination of the amount of future worker's compensation owed to the arbitrators.[1]
See Hartford v. IAFF.[,] Local 760, AFL-CIO, supra (court may not substitute its own conclusions for findings of arbitrators, except where arbitrators rule on constitutionality of a statute or order conduct that is in clear violation of public policy).The remand is so ordered.
B. Articulation of Order Number 3
In Order number three of the decision, the court, relied uponAmerican University Insurance Co. v. DelGreco, 205 Conn. 178, 191,530 A.2d 171 (1987), in confirming all other portions of the finding and award. "[W]here judicial review of compulsory arbitration proceedings . . . is undertaken under General Statutes § 52-418, the reviewing court must conduct a de novo review of the interpretation and application of the law by the arbitrators."American University Insurance Co. v. DelGreco, supra. The court's confirmation of all other portions of the award is a result of its adoption of the interpretation and application of the law as set forth by the arbitrators in their Findings and Award, dated January 14, 1993, and the Interim Finding Re: Insurance Coverage, dated November 7, 1991.
II. Open and Set Aside the Judgment
A motion to open or set aside must be filed within four months succeeding the date on which it was rendered or passed. Practice Book § 326. "It is within the trial judge's discretion to grant or deny a timely motion to open a judgment." Pintavalle v. Valkanos, supra, citing Acheson v. White, 195 Conn. 211, 214-15, 487 A.2d 197
(1985).
Judgment was entered for the defendant on October 27, 1993. Although the plaintiff filed a motion to open or set aside judgment on November 22, 1993, within the four month period, it is within the Court's discretion whether to grant the motion.
The Court denies the plaintiff's motion to open and set aside the judgment for the reason that an articulation does not result in a change in the judgment.
In conclusion, for the foregoing reasons the Court remands to the arbitrators the determination of the amount of future workers' CT Page 6850-M compensation that is owed to the plaintiff.
Clarance J. Jones, Judge