MICHAEL W. LYONS *v.* CHARLES W. NICHOLS, JR.
(AC 19740)

Foti, Landau and Pellegrino, Js.

Argued November 2, 2000—officially released June 19, 2001

*Ridgely W. Brown,* for the appellant (defendant).

*Lawrence P. Weisman,* with whom, on the brief, was *Michael W. Lyons,* for the appellee (plaintiff).

*Opinion*

PELLEGRINO, J. The defendant, Charles W. Nichols, Jr., appeals from the judgment in a defamation action in which nominal and punitive damages were awarded to the plaintiff, Michael W. Lyons. On appeal, the defendant claims that the trial court improperly (1) allowed the introduction of evidence that was at variance with the allegations included in the complaint, (2) awarded nominal and punitive damages in the absence of an award of compensatory damages and (3) deprived him of his right to a jury trial. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. The plaintiff, an attorney active in local Norwalk politics, who was also the chairman of the district Republican Committee and an attorney for the town's third taxing district, instituted the present action against the defendant, a political critic, for damages resulting from his alleged defamatory statements.[1] The operative amended complaint, dated September 6, 1994, alleged that between the period of January, 1992, through August, 1993, the defendant made numerous public defamatory statements directed at the plaintiff. The court, in its memorandum of decision, examined all of the various statements attributed to the defendant and concluded that only one statement made by the defendant was libelous per se. That statement was contained in a letter that was written by the defendant

[1] A companion case brought by the plaintiff, *Lyons* v. *Heid,* Superior Court, judicial district of Fairfield, Docket No. CV 94-0311175 (May 29, 1998) (22 Conn. L. Rptr. 45), included a cause of action sounding in defamation, and was consolidated and tried with this action. The plaintiff did not appeal from the judgment in favor of the defendant, Blaise Heid, in that action.

and published in a newspaper on September 11, 1996. Because the letter was not published until September, 1996, it does not fall within the time period alleged in the complaint. The court, however, allowed the letter to be entered into evidence as exhibit A-32.

The court found that the contents of exhibit A-32 amounted to libel per se because they falsely charged the plaintiff with the commission of a crime described under General Statutes (Rev. to 1995) § 9-333x (6).[2] The court further found that after the letter appeared in the newspaper, the plaintiff demanded from the defendant a retraction of the statement, claiming that it had charged him with the commission of a crime. The defendant responded to the plaintiff's request by another letter to the editor explaining his allegation, but did not retract the defamatory content of exhibit A-32. The court found that the subsequent letter written by the defendant did not constitute a legally sufficient retraction, that the plaintiff was a public official and that the defendant had acted with malice. The court further found that the plaintiff had not proven actual damages and, therefore, awarded nominal damages of $100. Concluding that punitive damages should be limited to the plaintiff's litigation expenses, the court determined that those expenses were $2500 and awarded punitive damages in that amount.

I

The defendant first claims that the court improperly entered exhibit A-32 into evidence because it was at variance with the allegations included in the complaint

---

[2] General Statutes (Rev. to 1995) § 9-333x provides in relevant part: "The following persons shall be guilty of corrupt practices . . . (6) Any person who, in order to secure or promote his own nomination or election as a candidate, or that of any other person, directly or indirectly, promises to appoint, or promises to secure or assist in securing the appointment, nomination or election of any other person to any public position, or to any position of honor, trust or emolument . . . ."

and, therefore, the judgment of the court should be reversed. Specifically, the defendant argues that exhibit A-32 should not have been entered into evidence because it was not referenced in or did not fall within the time frame alleged in the operative complaint. In rebuttal, the plaintiff argues that any variance between the evidence offered at trial and the complaint is immaterial and did not prejudice the defendant. We agree with the plaintiff.

Our review of an evidentiary ruling by the trial court is well settled. "[T]he trial court may exercise its discretion with regard to evidentiary rulings, and the trial court's rulings will not be disturbed on appellate review absent abuse of that discretion. . . . Sound discretion, by definition, means a discretion that is not exercised arbitrarily or wilfully, but with regard to what is right and equitable under the circumstances and the law . . . . And [it] requires a knowledge and understanding of the material circumstances surrounding the matter . . . . In our review of these discretionary determinations, we make every reasonable presumption in favor of upholding the trial court's ruling." (Internal quotation marks omitted.) *State* v. *Banks*, 59 Conn. App. 112, 127–28, 755 A.2d 951, cert. denied, 254 Conn. 950, 762 A.2d 904 (2000); *New London Federal Savings Bank* v. *Tucciarone*, 48 Conn. App. 89, 92, 709 A.2d 14 (1998).

The central issue of the defendant's claim is whether exhibit A-32 is a material variance from the allegations contained within the plaintiff's complaint. "The purpose of the complaint is to limit the issues to be decided at the trial of a case and is calculated to prevent surprise. . . . The complaint is required only to fairly put the defendant on notice of the claims against him." (Citations omitted; internal quotation marks omitted.) *Marchetti* v. *Ramirez*, 40 Conn. App. 740, 747, 673 A.2d 567 (1996), aff'd, 240 Conn. 49, 688 A.2d 1325 (1997). "[T]he interpretation of pleadings is always a question of law

for the court . . . . *Cahill* v. *Board of Education*, 198 Conn. 229, 236, 502 A.2d 410 (1985). The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . *Beaudoin* v. *Town Oil Co.*, 207 Conn. 575, 587–88, 542 A.2d 1124 (1988) . . . . Although essential allegations may not be supplied by conjecture or remote implication; *Cahill* v. *Board of Education*, supra, 236; the complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties. . . . As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient to allow recovery." (Citation omitted; internal quotation marks omitted.) *Emerick* v. *Kuhn*, 52 Conn. App. 724, 738–39, 737 A.2d 456, cert. denied, 249 Conn. 929, 738 A.2d 653, cert. denied sub nom. *Emerick* v. *United Technologies Corp.*, 528 U.S. 1005, 120 S. Ct. 500, 145 L. Ed. 2d 386 (1999).

"A variance is a departure of the proof from the facts as alleged." (Internal quotation marks omitted.) *Marchetti* v. *Ramirez*, supra, 40 Conn. App. 747; *A. V. Giordano Co.* v. *American Diamond Exchange, Inc.*, 31 Conn. App. 163, 166–67, 623 A.2d 1048 (1993). If a variance is immaterial, it "shall be wholly disregarded." Practice Book § 10-62.[3] "An immaterial variance is one in which the difference between the allegations and the proof is so slight and unimportant that the adverse party is not misled as to the charge he is required to meet or prejudiced in maintaining his defense on the merits

---

[3] Practice Book § 10-62 provides in relevant part: "In all cases of any material variance between allegation and proof, an amendment may be permitted at any stage of the trial. . . . Immaterial variances shall be wholly disregarded."

of the case." (Internal quotation marks omitted.) *DiLieto* v. *Better Homes Insulation Co.*, 16 Conn. App. 100, 106, 546 A.2d 957 (1988); *LaFaive* v. *DiLoreto*, 2 Conn. App. 58, 62, 476 A.2d 626, cert. denied, 194 Conn. 801, 477 A.2d 1021 (1984). "Therefore, an otherwise valid judgment will not be invalidated if a variance does not change the theory of the cause of action and if the party complaining of the variance was, at all times, in a position to know the true state of the facts." *DiLieto* v. *Better Homes Insulation Co.*, supra, 106; *Marchetti* v. *Ramirez*, supra, 748; *LaFaive* v. *DiLoreto*, supra, 62.

In the present case, it is clear that the variance between the complaint and exhibit A-32 is immaterial. The defendant was not misled as to the charge outlined in the complaint, nor was he prejudiced in maintaining his defense on the merits of the case. The operative complaint outlined facts that alleged that the defendant had defamed the plaintiff, and exhibit A-32 was offered as proof of that defamation. The court found that the plaintiff notified the defendant of the claim and demanded a retraction in connection with the publication of the letter that was entered into evidence as exhibit A-32. The court further found that the defendant knew that the defamatory nature of exhibit A-32 was among the claims being raised by the plaintiff at trial, and the defendant offered evidence in his defense. It is of no consequence that the contents of exhibit A-32 were not specifically mentioned in the complaint or did not fall within the time frame alleged in the complaint. Therefore, because the defendant was not misled as to the plaintiff's charge of defamation and was not prejudiced in maintaining a defense, the variance in the present case is immaterial. Accordingly, we decline to reverse the judgment of the court.

II

The defendant next claims that the court improperly awarded nominal and punitive damages where the

plaintiff, a public figure, could not prove compensatory damages. In rebuttal, the plaintiff argues that our case law allows for the awards of nominal and punitive damages, in libel actions concerning public figures, where there has been a finding of actual malice. We agree with the plaintiff.

The following additional facts are relevant to our resolution of the defendant's claim. The court found that the plaintiff had proved by clear and convincing evidence that the defendant published the libelous statement with actual malice because it was made with reckless disregard for the truth of the allegation. The court then awarded nominal damages in the amount of $100 because the plaintiff had suffered a legal injury. Additionally, the court awarded punitive damages attributable to the plaintiff's litigation expenses in the amount of $2500. The court, however, refrained from awarding compensatory damages because the plaintiff could not provide the court with a reasonable means of calculating the extent of the harm his reputation had suffered from the libelous statement.

Our standard of review of an award of damages also is well settled. "[T]he trial court has broad discretion in determining whether damages are appropriate. . . . Its decision will not be disturbed on appeal absent a clear abuse of discretion." (Internal quotation marks omitted.) *Barber* v. *Mulrooney*, 61 Conn. App. 108, 111, 762 A.2d 520 (2000); see *Elm City Cheese Co.* v. *Federico*, 251 Conn. 59, 90, 752 A.2d 1037 (1999).

The court found that the defamatory material contained in exhibit A-32 amounted to libel per se. "Libel per se . . . is a libel the defamatory meaning of which is apparent on the face of the statement and is actionable without proof of actual damages." *Battista* v. *United Illuminating Co.*, 10 Conn. App. 486, 491–92, 523 A.2d 1356, cert. denied, 204 Conn. 803, 525 A.2d 1352

(1987). "When the defamatory words are actionable per se, the law conclusively presumes the existence of injury to the plaintiff's reputation. He is required neither to plead nor to prove it. . . . The individual plaintiff is entitled to recover, as general damages, for the injury to his reputation and for the humiliation and mental suffering which the libel caused him." (Citation omitted; internal quotation marks omitted.) Id., 492. Our law clearly allows "those who are properly classed as public figures and those who hold governmental office [to] recover for injury to reputation only on clear and convincing proof that the defamatory falsehood was made with such actual malice." (Internal quotation marks omitted.) *Holbrook* v. *Casazza*, 204 Conn. 336, 342, 528 A.2d 774 (1987), cert. denied, 484 U.S. 1006, 108 S. Ct. 699, 98 L. Ed. 2d 651 (1988); *New York Times Co.* v. *Sullivan*, 376 U.S. 254, 279–80, 84 S. Ct. 710, 11 L. Ed. 2d 686 (1964); *Brown* v. *K.N.D. Corp.*, 7 Conn. App. 418, 422, 509 A.2d 533 (1986), rev'd on other grounds, 205 Conn. 8, 529 A.2d 1292 (1987).

Both nominal and punitive damages also may be awarded where the defamatory material is libel per se. Where the court has found that the plaintiff has suffered a technical legal injury, the plaintiff is entitled to at least nominal damages. *Riccio* v. *Abate*, 176 Conn. 415, 418–19, 407 A.2d 1005 (1979); *Letsch* v. *Slady*, 145 Conn. 401, 402–403, 143 A.2d 642 (1958). In turn, an award of punitive damages is appropriate where the plaintiff has recovered nominal damages. *Associated Investment Co. Ltd. Partnership* v. *Williams Associates IV*, 230 Conn. 148, 161 n.16, 645 A.2d 505 (1994); see generally 4 Restatement (Second), Torts § 908, p. 465 (1979); 5 M. Minzer, J. Nates, C. Kimball & D. Axelrod, Damages in Tort Actions (1994) § 40.13; annot., 40 A.L.R.4th 11, 36–38 § 6 (1985). Furthermore, punitive damages are appropriate in a libel action where the court has found that the defendant acted with actual malice when pub-

lishing the defamatory material. *Triangle Sheet Metal Works, Inc.* v. *Silver*, 154 Conn. 116, 127, 222 A.2d 220 (1966); *Proto* v. *Bridgeport Herald Corp.*, 136 Conn. 557, 571, 72 A.2d 820 (1950).

In the present case, the court was not compelled to award compensatory damages. The award of nominal damages is appropriate when there is a clear invasion of a legal right, such as the one in the present case, but no finding of a compensable injury. See *Expressway Associates II* v. *Friendly Ice Cream Corp. of Connecticut*, 218 Conn. 474, 477–79, 590 A.2d 431 (1991); *Riccio* v. *Abate*, supra, 176 Conn. 419. The award of punitive damages is also appropriate here because the court awarded nominal damages; See *Associated Investment Co. Ltd. Partnership* v. *Williams Associates IV*, supra, 230 Conn. 161 n.16; 4 Restatement (Second), supra, § 908, p. 465; and because it was established that the defendant had acted with malice. See *Triangle Sheet Metal Works, Inc.* v. *Silver*, supra, 154 Conn. 127. The plaintiff's inability to provide the court with a reasonable means of calculating the extent of the harm caused by the libelous statement does not bar the plaintiff from recovering otherwise valid awards of nominal and punitive damages. Accordingly, we conclude that the court did not abuse its discretion when awarding the plaintiff nominal damages in the amount of $100 and punitive damages in the amount of $2500.

III

The defendant finally claims that the court improperly deprived him of his right to a jury trial. Specifically, the defendant argues that because the defamatory material contained in exhibit A-32 was not referenced in or did not fall within the time frame alleged in the complaint, he was denied his right to request a jury trial

pursuant to General Statutes § 52-215.[4] We find no merit to the defendant's claim.

"It is well settled that a claim for a jury trial must be filed no later than ten days after the pleadings have been closed. General Statutes § 52-215; see *Home Oil Co.* v. *Todd,* 195 Conn. 333, 339–40, 487 A.2d 1095 (1985)." *Masto* v. *Board of Education,* 200 Conn. 482, 488, 511 A.2d 344 (1986). In the present case, the defendant did not raise this issue until he moved for reargument after the court rendered judgment against him and awarded damages to the plaintiff. We therefore conclude that the court properly found that the defendant failed to assert timely, and thus waived, his right to a jury trial.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] General Statutes § 52-215 provides in relevant part: "When . . . an issue of fact is joined, the case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case upon the request of either party made to the clerk . . . ."