RUTH WEISSMAN *v.* KOSKOFF, KOSKOFF
AND BIEDER, P.C.
(AC 33224)

Beach, Alvord and Bear, Js.

Submitted on briefs April 23—officially released July 3, 2012

*Ruth Daniella Weissman* filed a brief for the appellant (plaintiff).

*Anthony M. Fitzgerald* and *Sherwin M. Yoder* filed a brief for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Ruth Weissman, appeals from the judgment of the trial court rendering summary judgment in favor of the defendant, Koskoff, Koskoff & Bieder, P.C., as to her entire complaint. Specifically, the plaintiff claims that the court erred in denying her request for extension of time to respond to the defendant's motion for summary judgment.[1] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the plaintiff's appeal. On July 21, 2010, the plaintiff served a three count complaint in connection with her employment by the defendant from May, 2002, to June, 2004. She alleged breach of the implied covenant of good faith and fair dealing in count one; slander, defamation, false light and invasion of privacy in count two; and civil conspiracy in count three. The defendant filed a motion for summary judgment on three grounds: the complaint failed to state a cause of action and repleading could not cure the failure, the claim of breach of an implied covenant of good faith and fair dealing had been released and that claim also was barred by the statute of limitations on contracts.

---

[1] The plaintiff also claims that the court erred in granting on the merits the defendant's motion for summary judgment. We have considered this claim and conclude that it lacks merit.

Pursuant to Practice Book § 17-47, the plaintiff filed a request for extension of time to respond to the defendant's motion for summary judgment, seeking, inter alia, to conduct additional discovery concerning particular alleged misrepresentations by the defendant on which the plaintiff had based counts two and three of the complaint. The defendant filed a reply brief in support of its own motion and in opposition to the plaintiff's request for extension of time. The court heard oral argument on the defendant's motion on September 24, 2010. On January 19, 2011, the court denied the plaintiff's request for additional time to conduct discovery and granted the defendant's motion for summary judgment as to her entire complaint.[2]

Practice Book § 17-47 provides: "Should it appear from the affidavits of a party opposing the motion that such party cannot, for reasons stated, present facts essential to justify opposition, the judicial authority may deny the motion for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just." Our Supreme Court has stated: "[U]nder [§ 382] [now Practice Book § 17-47], the opposing party must show by affidavit precisely what facts are within the exclusive knowledge of the [party to be deposed] and what steps he has taken to attempt to acquire these facts." (Internal quotation marks omitted.) *Great Country Bank* v. *Pastore*, 241 Conn. 423, 438, 696 A.2d 1254 (1997). "A party opposing a summary judgment motion pursuant to [Practice Book § 17-47] on the ground that more time is needed to conduct discovery bears the burden of establishing a valid reason why the motion should be denied or its resolution postponed, including some indication as to what steps that party has taken to secure

[2] The plaintiff filed a motion to reargue/reconsider and a request to amend her complaint, both of which were denied. She also subsequently filed a motion for rectification, on which the court ordered minor rectifications.

facts necessary to defeat the motion. . . . The trial court has wide discretion under [Practice Book § 17-47] to determine whether the party seeking additional time to conduct discovery already has had a sufficient opportunity to establish facts in opposition to the summary judgment motion, and we will not disturb its exercise of that discretion absent a clear showing of abuse." (Citations omitted.) *Peerless Ins. Co.* v. *Gonzalez*, 241 Conn. 476, 489, 697 A.2d 680 (1997).

The plaintiff argues that the court "erroneously assumed" that specific statements from employees of the defendant could not be elicited through discovery. The court has broad discretion in ruling on requests for additional time for discovery. *Peerless Ins. Co.* v. *Gonzalez*, supra, 241 Conn. 489. In the present case, the plaintiff's affidavit provided only speculation as to actionable statements and failed to show which facts were within the knowledge of those she wanted to depose. She did not provide any indication as to what steps she had taken to obtain such facts required to defeat the defendant's motion. Accordingly, the plaintiff failed to carry her burden to demonstrate that the court clearly abused its discretion in denying her request.

The judgment is affirmed.