******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

RICHARD STEVENS *v.* CARLTON HELMING ET AL.
(AC 37013)

Lavine, Alvord and Bishop, Js.

*Argued October 27, 2015—officially released February 23, 2016*

(Appeal from Superior Court, judicial district of New Haven, Wilson, J.)

*Christopher A. Stratton* filed a brief for the appellant-appellee (plaintiff).

*Steven J. Bolotin*, with whom were *Patrick J. Day* and, on the brief, *James L. Brawley*, for the appellees-appellants (defendants).

*Opinion*

LAVINE, J. In this defamation case, the plaintiff, Richard Stevens, appeals from the judgment rendered by the trial court when it granted the motion for summary judgment filed by the defendants, Carlton Helming and Helming & Company, P.C.[1] On appeal, the plaintiff claims that the court erred by failing to consider an allegation concerning an alleged defamatory statement made by Helming, even though the allegation at issue was not specifically pleaded in the complaint. The defendants cross appealed, asserting that the court should have also granted their motion for summary judgment under the absolute litigation privilege. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. The plaintiff was the sole shareholder of The F & S Oil Company (business), which went out of business on March 7, 2008, leaving hundreds of prepaid consumer contracts for heating oil unfulfilled. The Office of the Attorney General filed for an ex parte temporary injunction and appointment of a receiver to preserve the defunct business' assets. The defendants were appointed as receiver of the business, and one of their responsibilities was to recover funds to compensate the customers whose contracts were not fulfilled. During this time, the plaintiff filed a chapter 7 bankruptcy petition. The defendants audited the business' accounts and found instances where the plaintiff had apparently used corporate funds for personal expenses. Seeking to recover these funds from the plaintiff's bankruptcy estate on behalf of the business, Helming filed a proof of claim in the bankruptcy court on December 22, 2008, alleging that the plaintiff had committed corporate waste. The proof of claim contained an accounting and description of business payments that the plaintiff allegedly made for his personal use. The business' failure garnered media attention, and the Waterbury Republican-American published an article about the allegations of the plaintiff's corporate waste on March 4, 2009. The article quoted Helming as stating, "We have not done sufficient work yet to present it in court, but I don't have any doubt that probably 99 percent would stand up, and that we'd probably find more." The plaintiff refers to this statement as the "99 percent comment." The article stated that Helming said that the business "paid the various amounts listed in the proof of claim over different periods, from one year to up to five years." The plaintiff refers to this as the "one to five year allegation." The article also included statements by the plaintiff's attorney, Elizabeth Austin, disputing the truth of the allegations in the proof of claim.

On April 6, 2011, the plaintiff field a complaint against the defendants, in which he alleged that the 99 percent comment and the allegations in the proof of claim were

defamatory. He did not plead that Helming defamed him by making the one to five year allegation. The defendants moved to dismiss the complaint; the court denied the motion on February 10, 2012. On August 13, 2012, the defendants filed an answer denying the allegations and asserting special defenses.[2] On January 31, 2014, the defendants moved for summary judgment on the grounds that Helming's statements were absolutely privileged; the statements were opinions protected by the fair comment privilege; the allegedly improper statements were not defamatory as they did not ascribe any improper conduct to the plaintiff; and the allegedly unprivileged statements were substantially true.

The plaintiff opposed the defendants' motion for summary judgment on the legal ground that the statements were false and not privileged. The defendants filed a reply memorandum. The plaintiff then alleged in his surreply that Helming had defamed him by making the one to five year allegation. The trial court issued its memorandum of decision on June 23, 2014. The court declined to consider the plaintiff's claim regarding the one to five year allegation because the plaintiff failed to plead that Helming had defamed him by making that statement. The court granted the defendants' motion for summary judgment in regard to the 99 percent comment on the grounds that it was an opinion on a matter of public concern protected by the first amendment, and was protected by the qualified privilege of fair comment. See *Goodrich* v. *Waterbury Republican-American, Inc.*, 188 Conn. 107, 114, 448 A.2d 1317 (1982). The plaintiff appealed, claiming that the trial court improperly declined to consider the one to five year allegation when it granted the defendants' motion for summary judgment. That is the plaintiff's only claim on appeal.

"The standard for appellate review of a court's decision to grant a motion for summary judgment is well established. Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A material fact is a fact that will make a difference in the result of the case. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Arnone* v. *Connecticut Light & Power Co.*, 90 Conn. App. 188, 193, 878 A.2d 347 (2005).

"A genuine issue of material fact must be one which the party opposing the motion is *entitled to litigate under his pleadings* and the mere existence of a factual dispute apart from the pleadings is not enough to preclude summary judgment." (Emphasis added; internal quotation marks omitted.) *New Haven Savings Bank* v. *LaPlace*, 66 Conn. App. 1, 15, 783 A.2d 1174, cert. denied, 258 Conn. 942, 786 A.2d 426 (2001). "*The facts at issue [in the context of summary judgment] are those alleged in the pleadings.* . . . The purpose of the complaint is to limit the issues to be decided at the trial of a case and is calculated to prevent surprise. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court." (Citations omitted; emphasis added; internal quotation marks omitted.) *Arnone* v. *Connecticut Light & Power Co.*, supra, 90 Conn. App. 193–94.

We conclude that the court did not err in declining to consider the plaintiff's claim regarding the one to five year allegation. In ruling on the defendants' motion for summary judgment, the court could consider only the facts alleged in the pleadings. The complaint alleged only that the 99 percent comment and allegations in the proof of claim were defamatory. The plaintiff did not plead the one to five year allegation in the complaint, and only later attempted to raise it in his surreply to the defendants' motion for summary judgment. Thus, the statement regarding the one to five year allegation was not before the trial court for its consideration because it was not alleged in the complaint.

On appeal, the plaintiff argues that a broad reading of the complaint encompasses the one to five year allegation, noting that "[t]he modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . Although essential allegations may not be supplied by conjecture or remote implication . . . the complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded . . . . As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, [the court] will not conclude that the complaint is insufficient . . . ." (Internal quotation marks omitted.) *Witczak* v. *Gerald*, 69 Conn. App. 106, 108, 793 A.2d 1193 (2002). This trend though, is not a panacea for every instance where a party fails to adhere to the basic procedural requirements of pleading, especially in the context of a defamation complaint.[3]

In the present case, the plaintiff alleged only that the

99 percent comment and allegations in the proof of claim before the bankruptcy court were defamatory. The trial court, in ruling on the defendants' motion for summary judgment, was limited to the facts alleged in the complaint standing alone, which cannot fairly be read to encapsulate the one to five year allegation.[4] Simple fairness requires that a defendant not be forced to defend against facts that are not clearly pleaded in a complaint. Thus, we conclude that the court did not err in declining to consider the plaintiff's claim as to the one to five year allegation.[5]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Throughout the opinion, where appropriate, we refer to Helming individually by name, as he made the allegedly defamatory statements raised in the complaint, and to Helming and his company, collectively, as the defendants.

[2] The special defenses raised were that the alleged defamatory statements were: (1) substantially true; (2) opinions; (3) privileged; (4) republished by the plaintiff; and (5) constitutionally protected speech as fair comment on a matter of public interest.

[3] Although this court has not addressed the issue, we find persuasive the reasoning of various Superior Courts in requiring specificity in pleading defamation. "A claim of [defamation] must be pl[eaded] with specificity, as the precise meaning and choice of words employed is a crucial factor in any evaluation of falsity. The allegations should set forth facts . . . sufficient to apprise the defendant of the claim made against him . . . . [A] complaint for defamation must, on its face, specifically identify what allegedly defamatory statements were made, by whom, and to whom . . . ." *Chertkova v. Connecticut General Life Ins. Co.*, Superior Court, judicial district of New Britain, Docket No. CV-98-0486346-S (July 12, 2002), aff'd, 76 Conn. App. 907, 822 A.2d 372 (2003); see also *Weissman* v. *Koskoff, Koskoff, & Bieder, P.C.*, Superior Court, judicial district of Hartford, Docket No. CV-10-6012922-S (January 19, 2011), aff'd, 136 Conn. App. 557, 46 A.3d 943 (2012); *Crosby v. HSBC North American Holdings, Inc.*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV-06-5000378-S (May 16, 2007). "[I]mprecise pleading is not permitted in the context of alleged [defamation], and the court will confine itself to allegations specifically pl[eaded] in the operative complaint. The court agrees . . . that only the allegations of the operative complaint can be considered in deciding [a] motion for summary judgment." *Hauer* v. *ECHN Community Healthcare Foundation, Inc.*, Superior Court, judicial district of Hartford, Docket No. CV-09-4046119-S (February 16, 2012).

[4] The plaintiff cites to *Lyons v. Nichols*, 63 Conn. App. 761, 778 A.2d 246, cert. denied, 258 Conn. 906, 782 A.2d 1244 (2001), in support of his assertion that the complaint was sufficient for the trial court to consider the one to five year allegation. In *Lyons*, this court held that the trial court did not err in admitting into evidence an allegedly defamatory letter that was published in a newspaper *after* the filing of the complaint because the variance between the allegations in the complaint and proof was not material. Id.,765–66.

The present case is distinguishable because the allegedly defamatory one to five year allegation had been published at the time of the complaint, and the plaintiff failed to plead it. "Other actionable words not pleaded, although published at the same time, may not be made the basis of recovery." 53 C.J.S. 316, Libel and Slander; Injurious Falsehood § 238 (2005).

[5] Because we conclude that the trial court did not err in declining to consider the one to five year allegation, we need not address the defendants' cross appeal or proposed alternative ground for affirmance. The defendants claim that the trial court erred in ruling that they were not entitled to summary judgment under the absolute litigation privilege as to the 99 percent comment. They assert that the one to five year allegation, if considered, would have been protected by the absolute litigation privilege. They also propose as an alternative ground for affirmance that they would have been entitled to summary judgment if the court considered the one to five year allegation because it was a true statement repeating facts alleged in the privileged proof of claim filed in the bankruptcy court.